9 N.J. Super. 333 (1950)
74 A.2d 356
CORTLANDT R. TURNEY, PLAINTIFF,
v.
DINANDA HANSEN TURNEY NOONEY, DEFENDANT. CORTLANDT R. TURNEY, PLAINTIFF,
v.
DINANDA HANSEN TURNEY NOONEY AND JOHN R. NOONEY, HER HUSBAND, WILLIAM G.F. BOTZOW, THEIR ATTORNEY-IN-FACT, AND CATHERINE A. DIEDSCH, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 22, 1950.
*334 Mr. Peter Cohn (Mr. Hymen D. Goldberg appearing), attorney for plaintiff.
Messrs. McCarter, English & Studer (Mr. Nicholas Conover English appearing), attorneys for defendants.
HEGARTY, A.M.
The issues herein decided arise from a lengthy and complicated litigation now taking the form of a *335 consolidated action for custody and to set aside an alleged fraudulent conveyance, and for its understanding the history below is set forth.
The question of custody and visitation by the plaintiff has been before this court on a number of occasions since 1945. Over the years and until September, 1948, the plaintiff's right to partial custody and visitation was being gradually enlarged. About that time, plaintiff complained that the rights accorded to him under the order of this court were being denied to him by the defendant and her present husband, John R. Nooney. A contempt proceeding was instituted against the defendant and, at the same time, plaintiff sought the permanent custody of the child. Testimony was taken and the court visited the homes of the defendant and the plaintiff in order to observe at first hand the actions of the child when he was to be given over to the plaintiff for the week-end visit.
On June 30, 1949, this court filed its conclusions, after hearing testimony offered by both sides, wherein it was determined that all orders, heretofore made in this cause, wherein the right of visitation and partial custody of the infant child, Cortlandt R. Turney, Jr., is granted to the plaintiff, be vacated and set aside and that henceforth and until further order of this court, the father, plaintiff in this proceeding, be denied further right of visitation and partial custody of the child. (Emphasis supplied.) An order embracing the terms of the conclusions was signed on July 22, 1949. Thereafter plaintiff appealed the order of July 22, 1949, and the Superior Court of New Jersey, Appellate Division, Jacobs, S.J.A.D., 5 N.J. Super. 392, 398 (November 21, 1949), reversed the order appealed from and the matter was remanded to the Chancery Division for further proceedings in accordance with the opinion filed in the cause. The court observed (p. 398): "(3, 4) Our study of the record has led us to infer that, although the plaintiff has unswervingly endeavored to act as a good father to his son, the defendant has not fully discharged her responsibility and has not sufficiently extended her efforts to the end that the son visit with his father, willingly and happily. We *336 recognize that the described incidents, if continued, may be harmful to the child and steps should be taken to avoid them, but we do not agree with the Advisory Master's drastic conclusion that the solution lies with complete termination of the father's right of visitation. With the expiration of time, this expedient will completely estrange father and son. We believe that, rather than decreasing the father's right of visitation, the proper direction may well be toward increasing it. Perhaps he should have custody of his son during the forth-coming holiday periods when school is not in session. Perhaps bi-weekly visitation over the entire week-end will be more effective. In any event, it is not our purpose to fix the precise times of visits or partial custody; that should be left to the Advisory Master whose intimate supervisory control will continue and permit, if necessary, frequent changes designed to insure the result that the child will have the love and consortium of both parents."
On December 12, 1949, this court, "Ordered, that pending the further order of this court, that Plaintiff, Cortlandt R. Turney, be and is hereby granted the right of visitation and bi-weekly partial custody of the infant child, Cortlandt R. Turney, Jr., from the close of the school session on Friday until the resumption of school sessions on Monday; the school holidays at Christmas and Easter times of each year and for a period of two weeks in July and two weeks in August of each year until further order of court;" (emphasis added).
"And it is further ordered that defendant be and is hereby required, pursuant to said opinion of the Appellate Division, to extend her efforts and discharge the responsibility and duty required of her to properly prepare said child for said visitation, to the end that said child visits with his said father, willingly and happily."
By the time the Superior Court, Appellate Division, had announced its findings in the cause (November 21, 1949), the defendant and the infant child had been out of the limits of the State of New Jersey for more than two months. When the order of December 12, 1949, was signed, the plaintiff then *337 learned that the child was in India or on his way to India with the defendant.
On December 22, 1949, plaintiff filed his verified petition and order to show cause issued thereon directing the defendant to show cause on January 6, 1950, why all orders heretofore made whereunder permanent custody of Cortlandt R. Turney, Jr., was awarded to defendant, should not be revoked, and why permanent custody of said child should not be awarded to plaintiff, and why security should not be required of defendant within the provisions of R.S. 9:2-2. The order provided the manner in which service on defendant might be made, i.e., by serving a copy of the order to show cause and of the verified petition upon Anna Simpson in charge of the defendant's home at Basking Ridge, Somerset County, New Jersey, or her attorney, William Botzow, Esq., 50 Broadway, New York City, New York. The defendant, appearing specially and solely by her attorneys, McCarter, English & Studer  for the purpose of making the motion  moved to set aside the service thus made on Mrs. Simpson and William Botzow, and to dismiss the plaintiff's petition and the order to show cause issued thereon. The motion was granted in part when it appeared that neither Anna Simpson, nor William Botzow, had authority to accept for the defendant the service of the said petition and order to show cause. Plaintiff's petition and order to show cause were not dismissed to the end that plaintiff, pursuant to Rule 3:6-1 might make a motion for an order to enlarge the time of service of the said petition and of the order to show cause heretofore issued on December 22, 1949, and made returnable January 6, 1950; plaintiff might file an affidavit of inquiry; order of publication might issue to bring in the defendant by publication and substituted service.
On January 6, 1950, plaintiff in Superior Court, Chancery Division, Somerset County, Docket No. C869-49, commenced an action to set aside a conveyance by defendant's attorney-in-fact to an employee in his office. The plaintiff's cause of action sets up as claims against the defendant the non-payment of *338 costs awarded in Superior Court, Appellate Division, and also a claimed right to security, in the circumstances, under R.S. 9:2-2. The defendants appeared generally and filed answer thereto.
On January 31, 1950, the defendant, through the general appearance of her attorneys, McCarter, English & Studer, sought affirmative relief in this court praying for a stay of all proceedings in execution for costs until a pending motion in connection therewith, before the Superior Court of New Jersey, Appellate Division, was decided, and until the further order of this court. The plaintiff had been awarded costs against the defendant in amount of $1,195.65, and a writ of execution was issued on December 29, 1949. A levy was made on the bank account in the Somerset Hills National Bank, Bernardsville Branch, Bernardsville, New Jersey, standing in the joint names of the defendant, and her husband, John R. Nooney. A notice of an execution sale was advertised in the Bernardsville News, by the Somerset County Sheriff. The sale was to be held on February 6, 1950, at 2:00 P.M., of certain lands and premises in the Township of Bernards, County of Somerset, and State of New Jersey, formerly owned by the defendant  the same property in the challenged conveyance made by defendant's attorney-in-fact to his employee. It might be noted here that defendant's pending motion in the Superior Court of New Jersey, Appellate Division, 5 N.J. Super. 392, sought to have that court recall its mandate and to set aside the provision for costs therein. The Appellate Division on February 8, 1950, refused to recall its mandate and vacate or retax the costs and this court on February 28, 1950, refused to set aside the said writ of execution. Subsequently the costs were paid, and summary judgment as to this portion of the action to set aside the conveyance was granted by the Superior Court, Chancery Division, Somerset County, Judge Vincent S. Haneman, and the remainder of the cause was ordered consolidated with the custody case pending in this court.
*339 The plaintiff on March 3, 1950, obtained an order to show cause, returnable May 12, 1950, based upon the petition of December 22, 1949, why permanent custody should not be awarded to him, why security should not be furnished by the defendant under R.S. 9:2-2, and why such other and further relief should not be awarded to plaintiff as might be equitable and just. (Emphasis supplied.)
On March 16, 1950, on application of the plaintiff this court issued its further order directing the defendant to have the child in court on May 12, 1950, the return date of the order to show cause. Defendant has objected to this order as being in effect a writ of habeas corpus not served personally. I conclude that since the operative date of the order has passed and since it is not material to a determination of the primary issue of custody, the order has become moot.
Argument has been heard on the order to show cause of March 3, 1950, centering around the desirability of retaining the status quo. My conclusions are, as stated within, that there should be a modification of the order of custody.
Defendant has moved for summary judgment as to the action to set aside the alleged fraudulent conveyance. Plaintiff has moved for the appointment of a sequestrator.
From the above it clearly appears that this court has the power to grant the relief presently sought by the plaintiff. The court has continuing jurisdiction from its previous orders. Moreover the defendant has appeared generally and therefore the court has personal jurisdiction over her.
By the order of December 12, 1949, partial custody was awarded to the plaintiff in accordance with the opinion of the Appellate Division. Since the parents are now separated by 12,000 miles, the only feasible method of awarding custody of a child of tender years is to grant full custody to one or the other. The plaintiff has not seen the child in nearly a year. The defendant's affidavits do not state when, if ever, she is returning to the United States or to New Jersey. Some vindication of the father's rights and some conclusion to this litigation must be found. Therefore the order of December *340 12, 1949, is modified so as to grant and award full custody of the child, Cortlandt Roland Turney, Jr., to the plaintiff, with further provision that the child when returned here may not be removed from New Jersey, and counsel in submitting the order may suggest a safe method of transporting the child from India. To effectuate this order and in view of the fact that the defendant and the child are outside the limits of the United States, it is proper that security be furnished from the defendant's property within this State. The authority for such a requirement of security is found in R.S. 9:2-2, for certainly as established even by the defendant's affidavits the child was a resident of this State for only about four days short of the requisite five years, although the plaintiff contends the child was resident of New Jersey longer than five years, and it would seem that the purpose of that statute (R.S. 9:2-2) is not only to prevent the taking of a child from the State but also to require the child's return in a proper case. However, I do not rest this conclusion upon that statute alone but upon the general power of this court to enforce compliance of its orders. Ippolito v. Ippolito, 3 N.J. 561 (February 6, 1950). Accordingly, I shall advise an order directing the defendant to furnish security in amount of $2,000 to insure compliance with the orders of this court. Until such security is furnished, I shall advise an order appointing at once a sequestrator to sequester the lands and property of the defendant within this State.
In view of the foregoing it would be inappropriate at this time to grant summary judgment as to the action to set aside the conveyance. If security is not furnished as directed it would seem that the plaintiff as beneficiary of an order requiring security may continue the action in that respect so that the sequestration might cover the realty in question.
Appropriate orders in keeping with these findings may be submitted after the same have first been presented to counsel for approval.